# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ResCap Liquidating Trust,<br>　　　　Plaintiff<br><br>v.<br><br>Primary Residential Mortgage, Inc.,<br>　　　　Defendant | Case No. 0:16-cv-4070 (SRN/HB)<br><br>**ORDER** |

Isaac Nesser, Heather Christenson, and Peter Calamari, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave., Floor 22, New York, NY 10001; Anthony Alden, Quinn Emanuel Urquhart & Sullivan, LLP, 865 Figueroa St., Floor 10, Los Angeles, CA 90017; Donald Heeman, Jessica Nelson, Randi Winter, and Laurie Quinn, Spencer Fane, 100 S. 5th St., Ste. 2500, Minneapolis, MN 55402, for Plaintiff.

Matthew Johnson, Matthew Nicholson, Krista Anderson, and David Keith Clouser, Williams & Connolly, LLP, 725 12th St. NW, Washington, DC 20005; Elizabeth Kniffen and Rory Zamansky, Zelle, LLP, 500 Washington Ave. S., Ste. 4000, Minneapolis, MN 55415, for Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court is a dispute regarding materials submitted in support of ResCap Liquidating Trust's ("ResCap's") Motion for Attorney's Fees, Costs and Prejudgment Interest [Doc. No. 22]. (*See* Def.'s Sept. 24, 2020 Letter [Doc. No. 41]; Pl.'s Oct. 2, 2020 Letter [Doc. No. 44].)  In support of its motion, ResCap has submitted attorney billing invoices, from which it has redacted information that it believes constitutes attorney work product or is attorney-client privileged.  (*See* Horner Decl. [Doc. No. 27] & Exs.)  Separately, it has submitted unredacted invoices for the Court's *in camera* review. (Pl.'s *In Camera* Exs. to Horner Decl. [Doc. No. 31].)

Defendant Primary Residential Mortgage, Inc. ("PRMI") identifies two bases on which it claims that Plaintiff's submissions are insufficient for it to meaningfully respond to Plaintiff's motion. First, PRMI and its attorney fee expert, Lewis A. Remele, contend that the redactions to Plaintiff's invoices are excessive, making it difficult to assess the tasks that timekeepers performed on particular days; whether the hours billed to those tasks were excessive; whether multiple timekeepers billed for duplicative work; and whether timekeepers with higher hourly rates unnecessarily performed tasks better suited to timekeepers with lower hourly rates. (Def.'s Sept. 24, 2020 Letter at 1, and Ex. A (Remele Aff. [Doc. No. 44-1].) As to the redactions, PRMI seeks an order requiring ResCap to "(a) remove redactions covering non-privileged, non-protected information, and (b) in the event particular entries are privileged or protected, provide 'short, general explanation[s] of the work or task[s] in question.' " (Def.'s Sept. 24, 2020 Letter at 1) (quoting *Heimerl v. Tech Elec. of Minn., Inc.*, No. 12-cv-612 [Doc. No. 114] (D. Minn. Sept. 8, 2014)).

Second, PRMI states that ResCap refuses to produce invoices from January 2019 through October 2019, and April 2020, although it seeks fees for these periods of time. (*Id.* at 1–2.)

In response, ResCap notes that counsel for PRMI raised nearly identical objections to ResCap's motion for attorney's fees and costs in *ResCap Liquidating Trust v. Home Loan Center, Inc.*, No. 13-cv-3451 (SRN/HB) ("*HLC*"). (Pl.'s Oct. 2, 2020 Letter at 1.) It observes that in *HLC*, the Court denied HLC's requests for unredacted time entries and a privilege log, and instead required HLC to identify a reasonable number of disputed redactions, for which it required ResCap to submit the corresponding unredacted entries to the Court for *in camera*

review. (*Id.*) ResCap notes that ultimately, the Court found the redactions proper after conducting its review. (*Id.*) (citing *HLC Attorney's Fees Order*, 399 F. Supp. 3d 827, 845–46 (D. Minn. 2019), (No. 13-cv-3451 (SRN/HB) [Doc. No. 5132])). ResCap states that here, it followed the same methodology used in *HLC* to redact entries that revealed attorney-client privilege and work product. (*Id.* at 1–2.) In addition, ResCap states that it provided a five-month period of invoices for the period leading up to and covering trial, as it did in *HLC*. (*Id.* at 3.)

ResCap further opposes PRMI's request for revised redactions and a privilege log because the parties remain adverse in ongoing litigation, as PRMI intends to appeal the Court's rulings and trial findings. (*Id.*) Also, ResCap asserts that revising the redactions and/or providing a privilege log would be unduly burdensome, given that the redacted invoices that ResCap produced to PRMI are 175 pages long. (*Id.*) Prior to this dispute reaching the Court, ResCap states it proposed that if PRMI narrowed its request by identifying specific time periods, time entries or timekeepers for ResCap to review, ResCap would consider providing additional information about the tasks performed. (*Id.*) ResCap asserts that PRMI found the proposal too burdensome, although it filed its 19-page letter only one day after the parties had last met and conferred, identifying specific entries for the Court. (*Id.*)

ResCap further opposes PRMI's request for an additional eleven months' worth of redacted invoices (January through October 2019 and April 2020), noting that the parties provided five months of billing invoices in *HLC*. (*Id.* at 4.) Even so, ResCap states that it offered to provide an additional month of redactions for April 2020, but PRMI rejected the

offer. (*Id.*) To the extent the Court grants any of PRMI's requests, ResCap asks that PRMI be ordered to provide the same information for the same period. (*Id.*)

Having considered the parties' arguments, the Court rules as follows:

The Court directs the parties to continue to meet and confer, guided by the procedures used in *HLC*—a case that involved identical legal counsel, in which counsel for HLC raised the same arguments that PRMI asserts here regarding billing invoices. (*Compare* HLC's Jan. 30, 2019 Letter [13-cv-3451, Doc. No. 4970], *with* Def.'s Sept. 24, 2020 Letter.) While PRMI relies on this Court's ruling in *Heimerl*, No. 12-cv-612, Sept. 8, 2014 Order [Doc. No. 114], it is distinguishable. In *Heimerl*, there was no appeal, *id.* at 9, and therefore no danger that counsel's litigation strategy or privileged information could be used to the opposing party's advantage. Here, as in *HLC*, the parties continue to remain adverse, given that PRMI intends to appeal this Court's rulings.

The Court finds that the burden of providing a privilege log for 175 pages of billing entries outweighs the potential benefit. Indeed, "[a] request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and certainly not in a case as heavily litigated as this. Moreover, the Court is concerned that a privilege log will not resolve PRMI's concerns. However, the Court is willing to conduct a limited *in camera* audit of a subset of the billing entries. PRMI shall identify and submit to the Court no more than 35 pages of the 175 pages of entries for the Court to audit regarding ResCap's claim of attorney-client privilege and work product. ResCap shall submit the corresponding unredacted entries to the Court for review, *in camera*. The parties shall meet and confer to determine the parameters of this review, whether by identifying specific time

periods, time entries, or timekeepers to review, as ResCap has suggested. (Pl.'s Oct. 2, 2020 Letter at 3.) The Court also directs ResCap to provide PRMI with its redacted invoices for April 2020, as ResCap had proposed.

Following the Court's review, if it finds that the redactions were properly made, ResCap may supplement its fee petition to include the time spent performing this work. If, however, the Court finds that certain redactions were not appropriate, the Court will consider discounting the fee petition or requiring additional information from ResCap.

At this time, the Court will not require PRMI to produce a summary of its fees and costs.

**SO ORDERED.**

Dated: October 9, 2020                s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge