# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ResCap Liquidating Trust,<br>  Plaintiff<br><br>v.<br><br>Primary Residential Mortgage, Inc.,<br>  Defendant | Case No. 0:16-cv-4070 (SRN/HB)<br><br>**ORDER** |

Isaac Nesser, Heather Christenson, Peter Calamari, and Jeffrey Carl Miller, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave., Floor 22, New York, NY 10001; Anthony Alden and Matthew R. Scheck, Quinn Emanuel Urquhart & Sullivan, LLP, 865 Figueroa St., Floor 10, Los Angeles, CA 90017; Donald Heeman, Jessica Nelson, Randi Winter, and Laurie Quinn, Spencer Fane, 100 S. 5th St., Ste. 2500, Minneapolis, MN 55402, for Plaintiff.

Matthew Johnson, Jesse T. Smallwood, Matthew Nicholson, and Krista Anderson, Williams & Connolly, LLP, 725 12th St. NW, Washington, DC 20005; Elizabeth Kniffen and Rory Zamansky, Zelle, LLP, 500 Washington Ave. S., Ste. 4000, Minneapolis, MN 55415, for Defendant.

_____

SUSAN RICHARD NELSON, United States District Judge

Before the Court is a request submitted by Plaintiff ResCap Liquidating Trust ("ResCap") for permission to file a second supplemental declaration and related invoices, in further support of its Motion for Attorney's Fees, Costs, and Interest ("Fee Motion"). (Pl.'s Feb. 5, 2021 Letter [Doc. No. 114].) ResCap seeks to recover attorneys' fees and expert costs incurred in connection with its Fee Motion, and the supplemental materials relate to these fees and costs. (*Id.*) (citing *Ewald v. Royal Norwegian Embassy*, No. 11-cv-2116 (SRN/SER), (D. Minn. Mar. 4, 2015) [Doc. No. 387]).

Defendant Primary Residential Mortgage, Inc. ("PRMI") opposes ResCap's request, arguing that it should be denied on the basis of futility. (Def.'s Feb. 11, 2021 Letter [Doc. No. 116] at 1.) PRMI contends that ResCap is not entitled to recover any fees and costs incurred in the preparation of the Fee Petition. (*Id.* at 1–2) (citing *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1266 (2d Cir. 1987)). In the alternative, if the Court permits ResCap to file the supplemental materials, PRMI seeks leave to file a response, two weeks after ResCap's filing, challenging the reasonableness of ResCap's additional fees and costs. (*Id.* at 2.)

In addition, PRMI argues that if ResCap is permitted to file the supplemental materials, they should be filed on the public docket. (*Id.* at 2 n.3.) It notes that, as to the prior declarations in support of ResCap's Fee Motion, the parties agreed that certain portions of the initial declaration should be redacted but further agreed that the first supplemental declaration would be entirely unsealed. (*Id.*)

Having considered the parties' positions, the Court rules as follows:

At this time, the Court declines to address the merits of whether ResCap's additional fees and costs are recoverable. ResCap's request to file the supplemental materials [Doc. No. 114] is **GRANTED**. PRMI may file a response within 14 days of ResCap's filing. The Court will not require ResCap to file its supplemental materials publicly. Rather, the Court directs the parties to meet and confer in this regard, guided by the procedures used previously.

**SO ORDERED**.

Dated: February 19, 2020                                s/Susan Richard Nelson
                                                        SUSAN RICHARD NELSON
                                                        United States District Judge